People v Venture (2018 NY Slip Op 08157)





People v Venture


2018 NY Slip Op 08157


Decided on November 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SANDRA L. SGROI
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2017-11132

[*1]The People of the State of New York, respondent,
v
Justin Venture, appellant. (S.C.I. No. 1604/17)


Paul Skip Laisure, New York, NY (Benjamin Welikson of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano and Johnnette Traill of counsel; Kristin Rainis on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Suzanne J. Melendez, J.), imposed September 7, 2017, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
The defendant's purported waiver of his right to appeal was invalid because the Supreme Court's colloquy conflated the right to appeal with the rights that are automatically forfeited on a plea of guilty (see People v Johnson, _____ AD3d _____, 2018 NY Slip Op 06564 [2d Dept 2018]; People v Valentin, 162 AD3d 693; People v Ruiz, 156 AD3d 912, 913; People v Soto, 155 AD3d 979; People v Ribner, 153 AD3d 1435; see generally People v Bradshaw, 18 NY3d 257, 264). Thus, the waiver does not preclude appellate review of the defendant's claim that his sentence was excessive.
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
BALKIN, J.P., SGROI, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court